127 Cal.Rptr.2d 314 (2002)
103 Cal.App.4th 1103
In re JEFFREY A. et al., Persons Coming Under the Juvenile Court Law.
Placer County Department of Health and Human Services, Plaintiff and Respondent,
v.
Tena F., Defendant and Appellant.
No. C041271.
Court of Appeal, Third District.
November 25, 2002.
*315 Mario de Solenni, under appointment by the Court of Appeal for Defendant and Appellant.
Anthony LaBouff, County Counsel and James R. Yeo, Special Counsel for Plaintiff and Respondent.
SIMS, Acting P.J.
Appellant, the mother of the minors, appeals from the order of the juvenile court terminating her parental rights. (Welf. & Inst.Code, §§ 366.26, 395[1].) Appellant contends the juvenile court failed to comply with the notice requirements of the Indian Child Welfare Act (ICWA). (25 U.S.C. §§ 1901 et seq.) We will remand for a determination as to whether the "request for verification" sent to the Pawnee tribe by the Placer County Department of Health and Human Services (DHHS) complied *316 with the requirements of the ICWA and of federal regulations implementing that act.

FACTUAL AND PROCEDURAL BACKGROUND
In 1998, the minors, then 10 and 13 years old, were made dependents of the juvenile court based on allegations that appellant regularly left them for weeks at a time with various caretakers, including a registered sex offender. A subsequent petition alleged that the minors' father had been convicted of raping the minors' 13year-old half-sister and that he was a registered sex offender with a condition that he have no contact with children. Appellant reported that the minors' father was her uncle, with whom she had lived beginning at age 13. According to appellant, the father had been released from prison and she had minimal information concerning his whereabouts.
Appellant was granted reunification services, which were denied to the minors' father based on section 361.5, subdivision (b)(8) (minor conceived by means of the commission of an offense listed in Penal Code §§ 288 or 288.5).
In April 2000, the juvenile court terminated reunification services and ordered a permanent plan of long-term foster care for the minors. Subsequently, the minors' foster parents requested guardianship of the minors and a section 366.26 hearing was scheduled.
The report for the section 366.26 hearing stated: "It has recently come to the social worker's attention that [the minors] may be of Native American de[s]cent." According to the report, "[t]he appropriate ICWA request for verification" was sent to the Pawnee tribe and the social worker was "awaiting return." A subsequent report indicated: "The biological father has stated in the past that he believes [the minors] may be of Native American de[s]cent." It was again reported that a "request for verification" had been sent to the Pawnee tribe but "ha[d] not been returned." In the meantime, the foster parents had decided that they were willing to adopt the minors.
There was no discussion of the ICWA at the contested section 366.26 hearing. At the hearing, the juvenile court terminated parental rights and ordered a permanent plan of adoption.

DISCUSSION
Appellant claims that reversal is mandated because there was a failure "to properly notify the tribes, appellant, and the Secretary of the Interior of the pendency of the proceedings" in accordance with the ICWA.
Congress passed the ICWA in 1978 "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children `in foster or adoptive homes which will reflect the unique values of Indian culture....'" (In re Levi U. (2000) 78 Cal.App.4th 191, 195, 92 Cal. Rptr.2d 648; 25 U.S.C. § 1902; Mississippi Choctaw v. Holyfield (1989) 490 U.S. 30, 109 S.Ct. 1597,104 L.Ed.2d 29.)
The ICWA's procedural and substantive requirements must be followed in involuntary child custody proceedings when an "Indian child" is involved. An "Indian child" is defined by the ICWA as "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).)
Among the procedural safeguards included in the ICWA is the provision for *317 notice. The ICWA provides in part: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the parent or Indian custodian and the tribe cannot be determined, such notice shall be given to the Secretary [of the Interior] in like manner, who shall have fifteen days after receipt to provide the requisite notice to the parent or Indian custodian and the tribe...." (25 U.S.C. § 1912(a).) "Notice shall be sent whenever there is reason to believe the child may be an Indian child, and for every hearing thereafter unless and until it is determined that the child is not an Indian child." (Cal. Rules of Court, rule 1439(f)(5).[2])
The circumstances under which a juvenile court has reason to believe that a minor is an Indian child are set forth in the Guidelines for State Courts; Indian Child Custody Proceedings (Guidelines), promulgated by the Bureau of Indian Affairs (BIA). (44 Fed.Reg. 67584 (Nov. 26, 1979).) The Guidelines provide, in part, that a state court has reason to believe a child is an Indian child if "[a]ny public or state-licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child." (Guidelines at p. 67586.) The substance of this Guideline has been incorporated into California law. (See rule 1439(d)(2).)
"Determination of tribal membership or eligibility for membership is made exclusively by the tribe." (Rule 1439(g).) "[O]ne of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child. [Citation.]" (In re Desiree F. (2000) 83 Cal.App.4th 460, 470, 99 Cal. Rptr.2d 688.) Enrollment is not determinative of membership in a tribe. (Rule 1439(g)(2); Guidelines at p. 67586.) "The Indian status of the child need not be certain to invoke the notice requirement, [Citation.] Because the question of membership rests with each Indian tribe, when the juvenile court knows or has reason to believe the child may be an Indian child, notice must be given to the particular tribe in question or the Secretary. [Citations.]" (In re Desiree F., supra, 83 Cal.App.4th at p. 471, 99 Cal.Rptr.2d 688.) Furthermore, the ICWA and any federal or state statutes or regulations implementing the ICWA "shall be liberally construed in favor of a result that is consistent with the[ ] preferences" expressed in the ICWA. (Guidelines at p. 67586.)
In the present matter, DHHSa "public agency ... involved in child protection services"discovered that the minors may have Indian ancestry. (Guidelines at p. 67586.) Given that a "request for verification" was sent to the "Pawnee tribe,"[3] presumably, DHHS also discovered that the minors' possible Indian heritage was with this tribe. This information was sufficient to suggest that the minors may be members or eligible for membership in an Indian tribe, thereby *318 triggering the notice provisions of the ICWA.
A copy of the "request for verification" that was sent by DHHS to the Pawnee tribe is not contained in the record. Ordinarily, when a social worker's report or other documentation indicates that ICWA notice has been provided, it can properly be presumed that such notice was in compliance with the requirements of the ICWA. (See Evid.Code, § 664.) However, we cannot presume that the nondescript "request for verification" that was sent to the tribe in the present case contained the requisite notice.
Two forms have been issued by the State of California Health and Welfare Agency and the Department of Social Services to comply with the ICWA. They are entitled "Request for Confirmation of Child's Status as Indian" (form "SOC 318") and "Notice of Involuntary Child Custody Proceedings Involving an Indian Child" (form "SOC 319"). Only the latter form contains notice of the proceedings and of the right to intervene. Here, there is nothing to indicate that the document referred to in the social worker's report as having been sent to the tribe included notice of the proceedings and of the right to intervene. Thus, it cannot be determined on this record whether proper notice of the proceedings was provided.
Appellant also contends that notice was deficient because neither the BIA nor the Secretary of the Interior was provided a copy of the "request for verification." Appellant is correct that the Code of Federal Regulations requires copies of ICWA notices that have been provided to the tribe to be sent to the Secretary of the Interior and the Area Director of the BIA. (25 CFR § 23.11(a).) Even assuming the "request for verification" contained the requisite ICWA notice, nothing in the record shows that copies of the notice were sent to the Secretary of the Interior and to the Area Director, as is required by the federal regulation.
Appellant's last contention bears brief mention. Appellant complains that neither she nor the minors' biological father was provided notice in compliance with the ICWA. Appellant is correct that the ICWA's provisions include a requirement that the parent of the Indian child be provided notice. (25 U.S.C. § 1912(a).) But appellant participated in the proceedings, obviating the need to remand based on any claimed deficiency in the notice she was provided. (See In re Kahlen W. (1991) 233 Cal.App.3d 1414, 1424, 285 Cal. Rptr. 507.) Appellant's argument that ICWA notice "enables [parents] to note where the notices are being sent, and what information is being provided to the tribal entities" is flawed because the ICWA does not require that the parents receive copies of the documents sent to the tribe. (See 25 U.S.C. § 1912(a).) And, regarding notice to the biological father, appellant does not have standing to raise the interests of another party on appeal. (In re Frank L. (2000) 81 Cal.App.4th 700, 703, 97 Cal. Rptr.2d 88.)

DISPOSITION
The order terminating parental rights is vacated, and the matter is remanded to the juvenile court with directions to conduct further proceedings to determine whether the "request for verification" that was sent to the tribe contained notice of the proceedings and of the right to intervene in compliance with the ICWA, and whether copies were sent to the Secretary of the Interior and the area director of the BIA. If the juvenile court determines that the "request for verification" contained adequate notice and that copies were sent as specified in the Code of Federal Regulations, all previous findings and orders shall be reinstated. If the juvenile court determines *319 that adequate notice was not provided or that copies were not sent to the Secretary of the Interior and the area director of the BIA, the juvenile court shall direct DHHS to comply with these provisions. If after proper inquiry and notice, the BIA or a tribe determines that the minors are Indian children as defined by the ICWA, the juvenile court is ordered to conduct a new section 366.26 hearing in conformity with all provisions of the ICWA. If, after proper inquiry and notice, no response from the BIA or a tribe is received indicating the minors are Indian children, all previous findings and orders shall be reinstated.
In all other respects, the order is affirmed.
We concur: CALLAHAN and ROBIE, JJ.
NOTES
[1] Further undesignated statutory references are to the Welfare and Institutions Code.
[2] Further undesignated rule references are to the California Rules of Court.
[3] The Pawnee Nation of Oklahoma is listed in the Federal Register as one of the tribes that is recognized and eligible to receive services from the BIA. (65 Fed.Reg. 13298 (Mar. 13, 2000).)