32 P.3d 297 (2001)
In re DEPENDENCY OF [A.L.W.], D.O.B. 5/23/00, a Minor.
State of Washington, Department of Social and Health Services, Petitioner,
v.
[B.D.W.], birth mother, Respondent.
No. 47903-2-I.
Court of Appeals of Washington, Division 1.
October 8, 2001.
*298 Catherine Cruikshank; Asst. Attorney General, Seattle, for Appellant.
Judith Kovacs, Bellevue, Jimmie Shaw, Seattle, for Respondent.
GROSSE, J.
A tribal determination that a child is a member of, or is eligible for membership in, the tribe is conclusive evidence that a child is an Indian child within the meaning of the Indian Child Welfare Act of 1978, 25 U.S.C.A. §§ 1901-1963. The designated official of the Leech Lake Tribal Council determined A.L.W. was eligible for tribal membership. The Leech Lake Band of Ojibwe is recognized as a tribe. Accordingly, we reverse the trial court's determination to the contrary.

FACTS
Ms. W. gave birth to A.L.W. in Seattle on May 23, 2000. Ms. W. has significant substance abuse issues and A.L.W.'s six older siblings have been placed outside the home or adopted by others.
Ms. W. is an enrolled member of the Leech Lake Band of Ojibwe, a component band of the Minnesota Chippewa Tribe. Her blood quantum in that band is said to be one-quarter.[1] Other members of her family belong to at least one other component band of the Minnesota Chippewa Tribe.[2]
When A.L.W. was born, the Department of Social and Health Services (DSHS) intervened and immediately notified the Leech Lake Band of Ojibwe of his birth. By letter dated May 25, 2000, the Director of Social Services for the band, Lillian Reese, notified DSHS that A.L.W. was considered a member of the Leech Lake Band of Ojibwe. Ms. Reese is designated by the Leech Lake Reservation Tribal Council to make determinations of membership in cases covered by the Indian Child Welfare Act.[3] In August, the Executive Director of the Minnesota Chippewa Tribe sent a letter to the Attorney General of the State of Washington clarifying that enrollment was not the only way a person could become a member of the tribe. He also wrote and clarified that as one of the six component reservations the Leech Lake Band had "the authority to determine membership of their band members."
DSHS takes the position that A.L.W. is an Indian child and that the Indian Child Welfare Act applies to the dependency proceedings. Ms. W. does not agree that A.L.W. is an Indian child but agreed to an order of dependency, reserving the right to challenge DSHS's position. At an October 4, 2000 hearing on the mother's motion to determine the inapplicability of the Indian Child Welfare Act, a commissioner of the King County Superior Court ruled that A.L.W. was not an *299 Indian child as defined by the Indian Child Welfare Act and that the act did not apply, noting that being a member for some purposes did not mean a child was a member of the tribe for all purposes, and that membership in the Minnesota Chippewa Tribe had not been established.[4]
Four days after this decision, Ms. W. relinquished her parental rights in favor of a couple she selected. On October 12, 2000, that couple filed a petition for adoption of A.L.W. The superior court commissioner granted Ms. W.'s motion for concurrent jurisdiction for the adoption and the dependency proceeding.
On October 13, 2000, DSHS filed a motion for revision of the commissioner's ruling. A judge of the King County Superior Court denied the motion to revise, ruling that the correspondence from the tribe and the band regarding membership was inadmissible hearsay. The court noted that although it agreed with the reasoning of the Minnesota case of In re Welfare of S.N.R., it could not apply the case here because without the correspondence regarding membership there was insufficient evidence to make the determination. DSHS unsuccessfully moved for reconsideration arguing that ER 1101 did not require the application of evidence rules to the juvenile court hearing.
The Leech Lake Band filed a notice of intervention, but intervention was denied because the determination that the Indian Child Welfare Act did not apply had been made and was the law of the case.
A commissioner of this court granted a motion for discretionary review.

DISCUSSION
DSHS claims the juvenile court erred in concluding that the Indian Child Welfare Act of 1978, 25 U.S.C.A. §§ 1901-1963 (ICWA), is inapplicable to the dependency proceeding of A.L.W. There is no dispute that the proceeding could be considered a "child custody proceeding" under the act, so the determination to be made is whether the child is an "Indian child" under the ICWA.
"Indian child" is defined as
any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe[.][[5]]
It is undisputed that A.L.W. is currently not a member of an Indian tribe or that the mother is an enrolled member of the Leech Lake Band. DSHS challenges the juvenile court's determination that even though the Leech Lake Band considers A.L.W. to be eligible for membership, there are proof problems with a determination that he is eligible for membership in the Minnesota Chippewa Tribe. This court reviews the question of law de novo.
The ICWA defines "Indian tribe" to include any tribe, band, nation, or other organized group or community of Indians recognized as eligible for the services provided to such entities by the Secretary of the Interior.[6] Contrary to the mother's argument, the Leech Lake Band has been organized as eligible for such services and the band is an Indian tribe for the purposes of the ICWA.[7]
The applicability of the ICWA is discussed in In re S.N.R.:
The Bureau of Indian Affairs has published guidelines to assist state courts in their implementation of the ICWA. See Guidelines for State Courts; Indian Child Custody Proceedings, 44 Fed.Reg. 67,584, *300 67,585 (1979) [hereinafter BIA Guidelines]. The BIA Guidelines provide that under the ICWA, "[t]he determination by a tribe that a child ... is or is not eligible for membership in that tribe ... is conclusive." 44 Fed.Reg. at 67,586 (§ B.1(b)(i)). While the BIA Guidelines are not binding on courts, unless Congress specifically invests the bureau with the authority to implement rules pursuant to the Act, Minnesota appellate courts have consistently utilized the Guidelines to answer as a matter of law questions unanswered by the language of the ICWA itself. And a number of other jurisdictions have concluded that a tribal determination that a child is a member of a tribe or eligible for membership in a tribe is conclusive evidence that the child is an "Indian child" under the ICWA.[8]
A number of other jurisdictions have also concluded that a tribal determination that a child is a member of, or eligible for membership in, a tribe, is conclusive evidence that the child is an "Indian child" under the ICWA.[9]
As cited with approval by this court in In re Dependency of Smith,[10] the Oregon Court of Appeals held:
[T]he ICWA itself contains no definition of membership in an Indian tribe. In the absence of a Congressional definition, an Indian tribe has authority to determine its own membership. Formal membership requirements differ from tribe to tribe, as do each tribe's method of keeping track of its own membership. There is thus no one method of proof of membership, but the testimony of a representative of tribal government would be probative evidence of membership.[11]
Ms. W. argued, and the commissioner agreed, that the Leech Lake Band does not have the authority to determine its own membership, because that determination is only within the province of the greater Minnesota Chippewa Tribe. In making this argument, Ms. W. claims that when applying the ICWA, a juvenile court must be satisfied that the tribe, not just the band, has made an appropriate determination, to give a determination conclusive effect. Therefore, Ms. W. argues that the juvenile court must inquire whether the tribe correctly applied its internal standards to determine that the child is eligible for membership. She further claims that neither the Minnesota Chippewa Tribe nor the Leech Lake Band has offered evidence or assurances that the non-enrolled membership allegedly afforded A.L.W. by the Leech Lake Band guarantees A.L.W. all of the benefits and services for Indian children under the ICWA. Thus, she claims the "limited membership" cannot be considered applicable for the purposes of the determination of "Indian child" under the ICWA. She claims the commissioner was correct in so deciding.[12] We disagree.
*301 The Leech Lake Band of Chippewa Indians is a federally recognized Indian tribe.[13] This court will not go behind the internal decision-making processes of the tribe.[14] "A tribe's right to define its own membership for tribal purposes has long been recognized as central to its existence as an independent political community."[15]
The ICWA is to be "liberally construed in favor of a result that is consistent" with "deferring to tribal judgment" and "furthering Congressional purposes in passing the statute." BIA Guidelines, 44 Fed.Reg. at 67,584-85. And the purpose of the ICWA is, in part, to curtail state encroachment on the authority of the Indian tribes with respect to their children.... And "there is perhaps no greater intrusion upon tribal sovereignty than for a [non-tribal] court to interfere with a sovereign tribe's membership determinations." Smith v. Babbitt, 875 F.Supp. [at 1361].[[16]]
We conclude the commissioner of the superior court erred in determining that A.L.W. was not a member of, or eligible for membership in, the Leech Lake Band of the Ojibwe. The tribal determination that a child is a member or eligible for membership in that tribe is conclusive evidence that a child is an "Indian child" under the ICWA.
A state court necessarily determines whether a tribe has concluded that a child is a member of or eligible for membership in the tribe. As stated above, the inquiry is not to be an investigation of the tribe's application of its membership standards to a particular child. But instead, the court must determine whether the party who states that the child is a member or eligible for membership in a tribe is authorized to make such statements on the tribe's behalf.[17] Here the band submitted to the court a resolution of the Leech Lake Reservation Tribal Council that provides that the tribal council delegated its membership determination to Lillian Reese. Ms. Reese sent a letter indicating that the tribe considered A.L.W. eligible for membership in the Leech Lake Band.
Even if the court is not presented with a tribal determination that a child is a member of or eligible for membership in the tribe, the court should have engaged in further fact-finding.[18] But here, the court was presented with sufficient credible evidence that A.L.W. had been determined to be eligible for membership in the Leech Lake Band of Ojibwe. Accordingly, A.L.W. is an Indian child within the meaning of the ICWA.
On the motion for revision to the superior court, the trial court held that the letters from the Leech Lake Band and the Minnesota Chippewa Tribe were inadmissible hearsay under the Rules of Evidence, precluding the proof offered by the State. The trial court therefore agreed with the commissioner's decision that there was insufficient admissible evidence provided to make the determination that A.L.W. was an Indian child of the Minnesota Chippewa Tribe as defined in the ICWA. The trial court erred in this determination. Under ER 1101(c)(3), the rules of evidence do not apply to dependency review hearings in juvenile court.
The decision below is reversed and remanded to the superior court for entry of an order that A.L.W. is an Indian child within the meaning of the ICWA, and that the act will apply to further dependency proceedings in this case.
AGID, C.J., and KENNEDY, J., concur.
NOTES
[1] Ms. W. argues she has a higher blood quantum (one-half) in the Red Lake Band of Chippewa Indians and A.L.W. may potentially be eligible for enrollment and/or membership in the Red Lake Band rather than the Leech Lake Band. Ms. W. indicates that she possesses only a one-quarter blood quantum of the Leech Lake Band and argues A.L.W. is not eligible for membership. These contentions are not supported by letters from the Leech Lake Band.
[2] Both Ms. W. and DSHS refer to the procedural history of another case involving twins born to Ms. W. who were initially determined to be members of the Leech Lake Band, then determined by the Minnesota Chippewa Tribe not to qualify for enrollment under the blood quantum criteria, and then again declared to be members of the Leech Lake Band in 1998 by the Leech Lake Tribal Council. That case is not before this court and has no bearing on our decision here.
[3] See In re Welfare of S.N.R., 617 N.W.2d 77, 84 (Minn.App.2000) wherein (as here through DSHS) the band submitted a resolution of the Leech Lake Reservation Tribal Council that provides that it has delegated membership determinations for the purposes of implementing the Indian Child Welfare Act to Lillian Reese for at least the past 10 years.
[4] The commissioner was provided with a copy of the S.N.R. case, but did not explain why the facts of this case made his decision different.
[5] 25 U.S.C.A. § 1903(4); In re Dependency of E.S., 92 Wash.App. 762, 771, 964 P.2d 404 (1998).
[6] 25 U.S.C.A. § 1903(8), (11).
[7] In re S.N.R., 617 N.W.2d at 81 n. 2 (citing Indian Entities Recognized as Eligible to Receive Services from the United States Bureau of Indian Affairs, 60 Fed.Reg. 55,270, 55,272 (1997)). See also Cass County, Minn. v. Leech Lake Band of Chippewa Indians, 524 U.S. 103, 106, 118 S.Ct. 1904, 141 L.Ed.2d 90 (1998) (Although this case concerned taxation of former tribal land repurchased by the tribe and not the applicability of the ICWA, the court stated in the opinion: "The Leech Lake Band of Chippewa Indians is a federally recognized Indian tribe.").
[8] In re S.N.R., 617 N.W.2d at 81 (citations omitted); see also In re E.S., 92 Wash.App. at 770, 964 P.2d 404; In re Dependency of Colnar, 52 Wash.App. 37, 39-40, 757 P.2d 534 (1988); In re Dependency of Smith, 46 Wash.App. 647, 650-52 & n. 1, 731 P.2d 1149 (1987).
[9] See, e.g., In re Junious M., 144 Cal.App.3d 786, 193 Cal.Rptr. 40, 43 (1983); In re Shawboose, 175 Mich.App. 637, 438 N.W.2d 272, 273 (1989); State ex rel. Juvenile Dep't of Lane County v. Tucker, 76 Or.App. 673, 710 P.2d 793, 797 (1985); but see, In re Baby Boy Doe, 123 Idaho 464, 849 P.2d 925, 931 (1993) (stating court must make "its own determination" regarding eligibility where neither tribe nor Bureau of Indian Affairs has made conclusive determination regarding eligibility).
[10] Smith, 46 Wash.App. at 651, 731 P.2d 1149.
[11] Smith, 46 Wash.App. at 651, 731 P.2d 1149 (quoting In re Angus, 60 Or.App. 546, 552, 655 P.2d 208 (1982) (citations omitted; emphasis added)).
[12] The mother cites State ex rel. State Office for Servs. to Children & Families v. Klamath Tribe, 170 Or.App. 106, 11 P.3d 701 (2000) as authority for her position. There, the Oregon appellate court affirmed a trial court decision that the membership provisions of a private agreement entered into between the Klamath tribe and the Oregon State Office for Services to Children and Families exceeded the scope of the ICWA and the ICWA did not apply. However, that case is distinguishable. It arises out of 25 U.S.C.A. § 1919(a) where the ICWA authorizes states and tribes to enter into certain agreements. The agreement in that case included a definition of "Klamath child" which included children who were not eligible for membership in the Klamath tribe. In short, the agreement allowed an Indian tribe to have authority over a non-Indian child. There is no such agreement between the State of Washington and the Leech Lake Band of Ojibwe. Here, there is a showing that A.L.W. is an Indian child based on an assertion of membership by the Leech Lake Band, consistent with the plain language of the ICWA.
[13] Cass County, Minn. v. Leech Lake Band of Ojibwe Indians, 524 U.S. at 106, 118 S.Ct. 1904.
[14] Smith v. Babbitt, 875 F.Supp. 1353, 1361 (D.Minn.1995); see also S.N.R., 617 N.W.2d at 82-83.
[15] Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n. 32, 98 S.Ct. 1670, 56 L.Ed.2d 106 (1978); see also Montana v. United States, 450 U.S. 544, 564, 101 S.Ct. 1245, 67 L.Ed.2d 493 (1981); In re S.N.R., 617 N.W.2d at 82.
[16] In re S.N.R., 617 N.W.2d at 83=84.
[17] In re S.N.R., 617 N.W.2d at 84 (citing Angus, 655 P.2d at 212).
[18] In re S.N.R., 617 N.W.2d at 84 n. 4 (citing In re Adoption of a Child of Indian Heritage, 111 N.J. 155, 543 A.2d 925, 933 (1988)).