188 S.W.3d 831 (2006)
In the Interest of R.M.W., J.M.W., and C.A.W., Children.
No. 06-05-00105-CV.
Court of Appeals of Texas, Texarkana.
Submitted January 26, 2006.
Decided March 10, 2006.
Sharron L. Cox, Moss & Cox Law Office, Bonham, for Angela Waldrop.
John Skotnik, Skotnik Law Office, Bonham, for Robin Waldrop.
Lana Shadwick, TDFPS, Office of General Counsel, Houston, Michael E. McLelland, Arlington, for appellee.
Before MORRISS, C.J., ROSS and CARTER, JJ.

OPINION
Opinion by Chief Justice MORRISS.
Robin and Angela Waldrop's parental rights to their children, R.M.W., J.M.W., and C.A.W., were terminated by the trial court. The Waldrops raise five issues on appeal, each of which depends on their *832 assertion that the federal Indian Child Welfare Act (ICWA) applies to this case and, therefore, imposes additional procedural and standard-of-proof requirements[1] which were not met in the trial court. See 25 U.S.C.A. § 1912 (West 2001). The Waldrops do not contest any of the stated grounds for termination, but argue merely that the ICWA applies and was violated in the process of terminating the Waldrops' parental rights to R.M.W., J.M.W., and C.A.W. Because the record supports the conclusion that the ICWA does not apply to this case, we affirm.
The threshold and dispositive issue in this case is raised in the Waldrops' first point of error and is critical to the success of all points of error: Does the ICWA apply to this case, and did the trial court have reason to know that the children subject to the underlying lawsuit were "Indian children" as defined by the ICWA? We hold that the ICWA does not apply and additionally hold that the trial court did not have reason to know the children were Indian children as defined by the ICWA. The trial court, therefore, did not err by failing to apply the provisions of the ICWA. Accordingly, all of the Waldrops' points of error are overruled.
Congress declared that the ICWA's purpose, among other things, is "to protect. . . Indian children." 25 U.S.C.A. § 1902 (West 2001). Under the ICWA, an "Indian child" is an "unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C.A. § 1903(4) (West 2001).
While there is evidencefrom Robinthat he and the three children have some Indian blood, there is no evidence that Robin, Angela, or any of the three children are members of an Indian tribe. That alone is fatal to the Waldrops' appeal because, as a result, none of the children have been shown to come within the ICWA's definition of an Indian child. Therefore, the ICWA does not apply. In addition, the trial court, therefore, could not know or have reason to know that they are Indian children under the ICWA.
The ICWA provides:
In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention.
25 U.S.C.A. § 1912(a) (emphasis added). The ICWA applies to all state child custody proceedings involving an Indian child when the court knows or has reason to know an Indian child is involved. See id.; see also Yavapai-Apache Tribe v. Mejia, 906 S.W.2d 152, 162 (Tex.App.-Houston [14th Dist] 1995, orig. proceeding). Our review is, therefore, narrowly focused: Are these children Indian children within the ICWA, and did the trial court know or have reason to know that they were Indian children? We answer "no" to both questions.
In the eleven volumes of the reporter's record and in the clerk's record, we find only three brief suggestions that Robin *833 may have been of Indian descent. There is no contention Angela is of Indian descent.
On May 26, 2004, Robin filed a motion for summary judgment. On the second page of that motion, under heading 5(a), it states, "Robin Waldrop has raised the affirmative issue that he is of Cherokee Indian heritage, but no response has been made to that." On June 18, 2004, Judge Ray Grisham denied the motion for summary judgment.
The trial on the parental termination suit was conducted before Judge Don Jarvis. At that trial, Crystal Wrape, a worker for Child Protective Services (CPS), was asked the following questions by Angela's attorney:
Q. Are these children part Indian?
A. I'm sorry?
Q. Are the children, [R.M.W. and J.M.W.], part Indian?
A. Well, Mr. Waldrop said that, you know, he did have Indian in him. We notified the tribe and the tribe did not take any action, so I don't know that theyI don't believe they recognized them as having enough Indian in them.
The next day, as the trial continued, Robin was asked the following questions by his own attorney:
Q. Okay. Now, you've also told this Court prior to this time that you're part Indian because your mom's part Indian.
A. Yes, sir.
Q. On her side of the family?
A. Yes, sir.
Q. And you've represented that to the Court. We've filed papers that indicated that you were Indian?
A. Yes, sir.
Q. Now, you remember when you first had the intake on this case as well as the cases on [S.], do you recall anybody saying, by the way, do you have any Indian blood in you?
A. No, sir.
Q. Nobody from CPS asked you that?
A. No.
Q. And it's your understanding that just becauseif notice was given to the Indian Nationif it was given. And the Indian Nation chose not to take jurisdiction of this, that doesn't settle the problemthe question of whether, in fact, you do have Indian blood. That doesn't settle the question of your kids having Indian blood?
A. Right.
These are the only instances in the record before us where the issue of Indian heritage is mentioned.
Nowhere in the record is there any assertion or evidence that the children are members of an Indian tribe, that the children are eligible for membership in an Indian tribe, or that either Robin or Angela is a member of an Indian tribe. The record shows only that Robin may be of Cherokee Indian heritage because his mother, who also may or may not be a member of an Indian tribe, is of Indian heritage. The assertion that Robin is of Indian "heritage" or "blood" provides no evidence that any of the children are Indian children under the ICWA, and, concomitantly, cannot put the trial court on notice that any of the children are Indian children as narrowly defined by the ICWA.
This case is distinguishable from other cases which have held the trial court did have reason to know the child in question was an Indian child. See Doty-Jabbaar v. Dallas County Child Protective Servs., 19 S.W.3d 870, 873-74 (Tex.App.-Dallas 2000, pet. denied). In Doty-Jabbaar, the reviewing court found that Dallas County CPS admitted in court that the child was an *834 Indian child subject to the ICWA. The court also found that
the trial court accepted as true the fact that appellant and her child were potential members of a tribe as evidenced by the decree of termination wherein the court applied the ICWA standard of proof finding beyond a reasonable doubt that appellant knowingly placed the child in conditions or surroundings which endangered the physical and emotional well-being of the child and beyond a reasonable doubt that the termination of the parent-child relationship was in the best interest of the child.
Id. at 874. The court held the trial court erred by failing to properly apply provisions of the ICWA because it knew or had reason to know the child was an Indian child subject to the ICWA.
Here, CPS did not admit that the children were Indian children subject to the ICWA. Rather, the CPS worker acknowledged that Robin had said he had "Indian [blood] in him" and notified the Indian tribe. Further, there is nothing in the trial court's order to suggest the court either explicitly or implicitly accepted that either of the Waldrops or any of their three children was a member of an Indian tribe.
When a child is enrolled as a member of an Indian tribe, the provisions of the ICWA must be applied. In re W.D.H., 43 S.W.3d 30, 34 (Tex.App.-Houston [14th Dist.] 2001, pet. denied). But here there is no evidence or suggestion that any member of the Waldrop family belongs to an Indian tribe.
Although there appear to be few Texas decisions that have reviewed when and under what circumstances a trial court has "reason to know" that a child is an Indian child, our conclusion in this case is supported by the analysis of courts in other jurisdictions that have tangled with this issue. The Wisconsin Supreme Court has held information before a lower court was too vague for the court to have reason to know the children met the definition of Indian children under the ICWA. Sheboygan County Dep't of Human Servs. v. Neal (In re Arianna R.G.), 259 Wis.2d 563, 657 N.W.2d 363, 364 (2003). In that case, the parent contesting termination filed a motion stating, "[H]e has Indian heritage, both on his mother's side of the family and his father's side of the family. Specifically, [his mother] is aware that her Indian ancestry stems from the Ojibwa Tribe in Marinette, Wisconsin. [The children's great-great-grandmother] is/was a member of the Ojibwa Tribe." Id. The Wisconsin Supreme Court found the parent in that case, as here, had never asserted that the children were members of an Indian tribe or were eligible for membership in an Indian tribe or that the parent himself was a member of an Indian tribe. Id. at 370. The Wisconsin court also found guidance on the issue from other jurisdictions to be persuasive, which we too find helpful. Id. at 371-72.
In Cleveland v. Dir., Cass County Soc. Servs. (In re A.L.), 623 N.W.2d 418 (N.D. 2001), the North Dakota Supreme Court held that information asserting that children may be American Indian was insufficient to invoke the ICWA. The court noted the dearth of information available to the lower court in assessing whether the children met the definition of an Indian child under the ICWA. It concluded that "[n]othing in this record suggests the children were members of an Indian tribe, or eligible for membership in an Indian tribe, and counsel's unsupported and vague statements were insufficient to suggest `Indian child' status." Id. at 422.
Likewise, the Michigan Court of Appeals emphasized that the ICWA requires an *835 initial determination of whether the child in question is an Indian child. In re Johanson, 156 Mich.App. 608, 402 N.W.2d 13 (1986). The court noted that nothing in the record indicated the trial court knew or should have known that the child was an Indian child. Although the record contained references to the Saginaw Tribe of Chippewa Indians, it appeared those references concerned the fact that, at one time, the mother rented a home on the Chippewa reservation. She readily acknowledged that she was not a member of the tribe and that, at one time, she unsuccessfully attempted to obtain membership. The court stated that, just because the child may have Indian heritage, that heritage does not qualify him or her as an Indian child as defined by the ICWA. The court concluded the trial court did not know and had no reason to know that the child was an Indian child. Id. at 16.
The New Jersey appeals court found that an amorphous statement of possible Indian ancestry made by the mother's attorney provided insufficient information to trigger the application of the ICWA. In re Guardianship of J.O., 327 N.J.Super. 304, 743 A.2d 341 (Ct.App.Div.2000). The court concluded that a "vague and casual reference to Indian ancestry made by [the mother's counsel] was insufficient to trigger the Act's notice requirement." Id. at 347.
We hold the information presented to the trial court was insufficient to show that any of the three children in question was an Indian child or that the trial court had reason to know that they were Indian children within the meaning of the ICWA.
Accordingly, we affirm the judgment terminating the parental rights of Robin and Angela Waldrop.
NOTES
[1] Under the ICWA, for termination to be ordered, notice must go to the tribe in question, the party seeking termination must sustain a beyond-a-reasonable-doubt burden of proof, and the trial court must make additional findings, all beyond the requirements of Texas law. 25 U.S.C.A. § 1912(a), (d), (f).