[No. 10547–1–II.   Division Two.   July 12, 1988.]

*In the Matter of* EMERY TITUS COLNAR.

*Dianna T. Adams,* for appellant (appointed counsel for appeal).

*Kenneth O. Eikenberry, Attorney General,* and *Kathryn L. Kafka, Assistant,* for respondent.

PETRICH, J.—Teresa Dembicer appeals a judgment terminating her parental rights to her 4–year–old son Emery

Titus Colnar born February 20, 1984. Among other claims, she contends that the State should have been required to satisfy the higher standard of proof imposed by the Indian Child Welfare Act of 1978. Finding no error, we affirm.

On April 15, 1986, the State of Washington through the Department of Social and Health Services, filed a petition for termination of Teresa's parental rights. This petition followed an order of dependency entered 10 months earlier. The trial court held a fact finding hearing pursuant to RCW 13.34.180 which revealed that Teresa suffered from an emotional disorder that would interfere with her ability to perform her parental duties. The trial court held that it would be in the best interest of the child to terminate the parent–child relationship.

During this hearing, Dembicer's counsel raised the issue that the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901 et seq., should apply to the proceedings, since Dembicer alleged that she is one–quarter Apache Indian. An affidavit was filed by a Department caseworker, which indicated that Emery was not qualified to be enrolled in a tribe. The court ruled that the act did not apply to the proceedings. This court granted accelerated review of Dembicer's appeal.

## INDIAN CHILD WELFARE ACT

Dembicer first argues that the Indian Child Welfare Act of 1978, 25 U.S.C. § 1901 et seq., should apply to these termination proceedings.[1] She alleges that she is one–quarter Apache Indian, thus making her son eligible for membership in an Indian tribe.

The Indian Child Welfare Act of 1978 applies to termination proceedings where a child is defined as an Indian child. An Indian child is defined as "any unmarried person

---

[1] The act requires that under certain circumstances the proceedings for termination of parental rights of an Indian child be transferred to the tribal courts of the respective Indian tribes, 25 U.S.C. § 1911(b), and if not transferred, the state court's termination of parental rights requires a determination, supported by evidence beyond a reasonable doubt, that continued custody of the child is likely to result in serious emotional or physical damage to the child. 25 U.S.C. § 1912(f).

who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). An Indian tribe has authority to determine its own membership. *In re Angus,* 60 Or. App. 546, 655 P.2d 208, 212 (1982). Under the act, additional procedural requirements and a higher burden of proof are imposed on the State's termination actions involving Indian children.

Under the provisions of the Indian Child Welfare Act of 1978:

> In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian in the Indian child's tribe by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. If the identity or location of the . . . tribe cannot be determined, such notice shall be given to the Secretary in like manner . . .[2]

25 U.S.C. § 1912(a). Under this section, no further proceedings shall be held until at least 10 days after the receipt of the notice by the tribe or the Secretary of the Interior.

The issue then becomes when and under what circumstances must notice of the pending proceedings be given to the tribe and/or Bureau of Indian Affairs. Although case law is spotty on what constitutes reasonable grounds under § 1912 to believe an Indian child is involved in the proceedings, the Bureau of Indian Affairs has published "Guidelines for State Courts: Indian Child Custody Proceedings" which clarify this point. 44 Fed. Reg. 67,584–95. These guidelines set forth circumstances that trigger an

---

[2]For proceedings in Washington, notice should be sent to: Portland Area Director, Bureau of Indian Affairs, 1425 N.E. Irving Street, Portland, Oregon 97208. 25 C.F.R. § 23.11(11).

inquiry by the court and petitioners regarding the child's Indian status for the purpose of the act. They provide:

(c) Circumstances under which a state court has reason to believe a child involved in a child custody proceeding is an Indian include but are not limited to the following:

(i) Any party to the case, Indian tribe, Indian organization or public or private agency informs the court that the child is an Indian child.

(ii) Any public or state–licensed agency involved in child protection services or family support has discovered information which suggests that the child is an Indian child.

(iii) The child who is the subject of the proceeding gives the court reason to believe he or she is an Indian child.

(iv) The residence or the domicile of the child, his or her biological parents, or the Indian custodian is known by the court to be or is shown to be a predominantly Indian community.

(v) An officer of the court involved in the proceedings has acknowledged that the child may be an Indian child.

44 Fed. Reg. 67,586.[3] *See also In re H.D.*, 729 P.2d 1234 (Kan. Ct. App. 1986).

█ In the present case, Dembicer alleged that she was of Apache heritage. Therefore, under subsection B.1(c)(i) of the BIA Guidelines as quoted above, reason to believe that Emery qualified as an Indian child was appropriately raised. However, the State failed to give proper notice to the Apache tribe or the Bureau of Indian Affairs as required under the act and its implementing regulations. The Department of Social and Health Services, in the process of investigating Dembicer's claims, contacted the Apache Nation for the purposes of researching the bloodline of her maternal grandmother. Although the Department's caseworker asked specific questions regarding the

---

[3]The Guidelines at B.1(b) also provide that the determination by the tribe, or in the absence of the tribe's contrary determination, the Bureau of Indian Affairs' determination that the child is or is not an Indian child is conclusive. 44 Fed. Reg. 67,586.

status of Dembicer, her mother and her grandmother, this did not constitute proper notice under the Indian Child Welfare Act of 1978 or RCW 13.34.070(9).[4]

Rather than reversing the proceedings for failure to comply with the notice requirements of the Indian Child Welfare Act of 1978, as was done in *In re H.D., supra,* we remanded this matter to the trial court to make further findings regarding the Indian status of Emery. On remand, the State notified all appropriate Apache tribes and the Bureau of Indian Affairs. The trial court found that after the required notification had been made, no tribe, individual, or agency of the federal government sought to intervene in these proceedings, and that the child is not enrolled or enrollable in an Indian tribe. As a result, the trial court concluded that Emery Titus Colnar is not an Indian child as defined by 25 U.S.C. § 1903(4). These findings and conclusions are unchallenged. We are satisfied that Emery Titus Colnar is not an Indian child and thus the Indian Child Welfare Act of 1978 does not apply to these proceedings.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

Judgment affirmed.

ALEXANDER, A.C.J., and WORSWICK, J., concur.

Review denied by Supreme Court November 1, 1988.

---

[4]RCW 13.34.070 provides in part:

"(9) In any proceeding brought under this chapter where the court knows or has reason to know that the child involved is a member of an Indian tribe, notice of the pendency of the proceeding shall also be sent by registered mail, return receipt requested, to the child's tribe. If the identity or location of the tribe cannot be determined, such notice shall be transmitted to the secretary of the interior of the United States."