[Nos. 47688-2-I; 47731-5-I.   Division One.   November 26, 2001.]

PATTY J. SHINABERGER, *on Behalf of Brandy J. Campbell, a Minor, Respondent*, v. DIANNE LAPINE, ET AL., *Appellants*.

---

*Rachel E. Miller* and *Clifford D. Foster, Jr.,* (of *Dionne & Rorick*), for appellants.

*Ronald C. Mattson*, for respondents.

COLEMAN, J. — In this case we are called upon to decide whether employees of public schools are exempt from Washington's civil antiharassment statute. We hold that they are not.

## STATEMENT OF FACTS

Because this case raises primarily an issue of statutory interpretation, we state only a cursory summary of the facts.

Brandy Campbell was a sixth grade special education student at Showalter Middle School. The Tukwila School District employs Dianne LaPine at Showalter as a paraeducator to care for children, like Brandy, who need extra help at school.

LaPine was assigned as Brandy's assistant. Brandy's mother, Patty Shinaberger, requested that a new paraeducator be assigned to Brandy after Brandy complained of ongoing problems with LaPine. After a series of negotiations with the District regarding Brandy's care, Shinaberger petitioned for an antiharassment order against LaPine. After a hearing, the trial court granted Shinaberger's petition and entered an order directing LaPine to have no contact with Brandy for one year, except in the case of emergency.

The details of what happened between Brandy and LaPine were disputed at the hearing. Brandy and her mother described LaPine as an impatient aide who constantly tried to get Brandy to move faster than her limitations allowed, causing her to fear for her safety. Brandy said LaPine was rude to her and taunted her when she complained. Brandy also alleged an incident in which LaPine

blocked her path and would not get out of her way. LaPine said her motivation for all her actions was to encourage Brandy to establish her goals, and that on the occasion when she blocked Brandy's path, it was to protect her from other students in a busy hallway.

The trial court did not enter separate findings of fact or conclusions of law, nor was there any verbatim record of the hearing. After the hearing, however, LaPine moved for reconsideration, and the court issued a memorandum decision denying the motion and setting forth the evidence on which it relied in reaching its original decision. LaPine and the District also filed a narrative report of proceedings pursuant to RAP 9.3 and 9.5.

On the same day LaPine moved for reconsideration, the District moved for joinder as a party needed for just adjudication under CR 19(a). The memorandum order denying both motions stated that the District "knew about the petition for antiharassment prior to the hearing but chose not to intervene or request joinder until after this Court issued the full order against Ms. LaPine." The court further ruled that the District was not a necessary party under CR 19.

## DISCUSSION

■ To decide this appeal, we must determine what the Legislature intended when it required that the harassing conduct supporting a civil protection order serve no "legitimate or lawful purpose." No published case in this jurisdiction has interpreted that term. We review questions of statutory interpretation de novo. *State v. Argueta*, 107 Wn. App. 532, 536, 27 P.3d 242 (2001).

■ A court may enter a civil antiharassment order if it finds by a preponderance of the evidence that "unlawful harassment" exists. RCW 10.14.080(3). Unlawful harassment consists of (1) a knowing and willful (2) course of conduct (3) directed at a specific person (4) which seriously alarms, annoys, harasses, or is detrimental to a person, and

(5) serves no legitimate or lawful purpose. RCW 10.14.-020(1); *see also Burchell v. Thibault*, 74 Wn. App. 517, 521, 874 P.2d 196, 199 (1994).

RCW 10.14.030 provides that:

In determining whether the course of conduct serves any legitimate or lawful purpose, the court *should consider* whether:

(1) Any current contact between the parties was initiated by the respondent only or was initiated by both parties;

(2) The respondent has been given clear notice that all further contact with the petitioner is unwanted;

(3) The respondent's course of conduct appears designed to alarm, annoy, or harass the petitioner;

(4) The respondent is acting pursuant to any statutory authority, including but not limited to acts which are *reasonably necessary* to:

(a) Protect property or liberty interests;

(b) Enforce the law; or

(c) *Meet specific statutory duties or requirements*;

(5) The respondent's course of conduct has the purpose or effect of unreasonably interfering with the petitioner's privacy or the purpose or effect of creating an intimidating, hostile, or offensive living environment for the petitioner;

(6) Contact by the respondent with the petitioner or the petitioner's family has been limited in any manner by any previous court order.

(Emphasis added.)

The District argues that this language prohibited the court from entering an antiharassment order against La-Pine for conduct occurring within the scope of her duties. We disagree. This language does not purport to provide immunity for public employees. First, the above factors are not definitional—they are guidelines. As worded, the statute merely directs the court to consider the respondent's statutory duties, among other factors, in determining whether a lawful purpose existed for the course of conduct. Second, the words "reasonably necessary" qualify RCW

10.14.030 (4)(c). By placing those words in the statute, the Legislature indicated that conduct that is not "reasonably necessary" to fulfill an educator's statutory duties can be harassment. Ultimately, then, chapter 10.14 RCW leaves to the trial court the factual, case-by-case determination of whether a respondent to an antiharassment petition had a legitimate or lawful purpose for her actions.

The District's brief contains a survey of the legislative history of chapter 10.14 RCW. But in order to move beyond the plain language of the statute, the statute's language must be ambiguous. *State v. Sullivan*, 143 Wn.2d 162, 175, 19 P.3d 1012 (2001). If the Legislature wishes to exclude teachers or other public employees completely, it can certainly do so. Instead, the Legislature directs the court to consider such duties as one factor in determining whether the "no lawful purpose" element is met.

The statute's plain language does not support the District's claim of per se immunity in this case. Accordingly, we hold that upon a proper showing, school employees such as LaPine are subject to antiharassment orders under chapter 10.14 RCW.

█ The District also claims it was a necessary party under CR 19, which requires joinder of a party whose absence will impede the party's ability to protect an asserted interest in the litigation. In some instances, joinder of an employer may be required when a trial court issues an antiharassment order restraining an employee. Here, however, the District waived joinder when it relied on LaPine to litigate the matter in its place. *See In re Guardianship of Grant*, 109 Wn.2d 545, 569, 747 P.2d 445, 757 P.2d 534 (1987) (citing *Smith v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980)). The trial court, therefore, did not err when it refused to join the District.

█ The District also claims we must remand because the trial court failed to enter written findings of fact and conclusions of law. While written findings and conclusions would normally be required, we will not remand this case because the antiharassment order has already expired and

310

the appellate record is sufficient for us to decide the legal issues presented. *See Backlund v. Univ. of Wash.*, 137 Wn.2d 651, 657 n.1, 975 P.2d 950 (1999) (giving courts discretion to decide cases without findings).

Affirmed.

GROSSE and APPELWICK, JJ., concur.