FILED
8/2/2021
Court of Appeals
Division I
State of Washington

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | | |
|---|---|---|
| ALISON B. ALCOBA, | ) | No. 81961-5-I |
| | ) | |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| BIJAN BERENJI, | ) | |
| | ) | UNPUBLISHED OPINION |
| Appellant. | ) | |
| | ) | |

MANN, C.J. — Bijan Berenji appeals the trial court's antiharassment and antistalking protection order against him in favor of Alison Alcoba. Berenji argues that the trial court improperly granted a protection order because: (1) his course of conduct consisted predominantly of employment-related correspondence, which served a legitimate or lawful purpose and (2) there was insufficient evidence that he engaged in cyberstalking. We affirm.

<u>FACTS</u>

On December 8, 2019, Berenji e-mailed the Department of Physics (the Department) at the University of Washington (the University) regarding a potential

Citations and pin cites are based on the Westlaw online version of the cited material.

professorship. Alcoba, the then assistant to the Department faculty chair, was copied on the e-mail.

The following day, the Department provided Berenji with a link to its application portal. On January 11, 2020, Berenji requested an offer letter for employment. On January 28, 2020, Berenji requested a status update, to which Alcoba replied that he was not under consideration as a candidate. Berenji replied with a scathing e-mail, enumerating his qualifications for a teaching position, suggesting discrimination on the part of the University, and threatening suit.

On March 24 and May 5, 2020, Berenji e-mailed the Department, again asking for a position. On May 14, 2020, Berenji e-mailed Alcoba directly, telling her that he would be in Seattle for a few days if anyone was interested in talking to him.

On May 25, 2020, Berenji e-mailed Alcoba on her personal e-mail address. Included in the e-mail were photos of Berenji in a speedo-style swimsuit. Alcoba replied that she did not know how Berenji obtained her personal e-mail, that the e-mail was inappropriate, and that she would file a report with the police. Alcoba explicitly instructed Berenji not to contact her again.

On June 1, 2020, Berenji left a voicemail on Alcoba's campus phone. Soon thereafter, Alcoba learned from University police that Berenji attempted to gain access to her place of work. University police told Berenji not to contact Alcoba further.

On June 14, 2020, a nurse from Mason General Hospital left Alcoba a voicemail, which stated that a patient named Bijan had requested to speak with her. When Alcoba returned the call, she learned that Berenji had identified her as his next of kin.

On June 18, 2020, Berenji e-mailed the Department, reprimanding them for firing him and his wife, "Allison Berenji." Berenji appeared to refer to Alcoba as his wife.

On June 24, 2020, Alcoba filed a petition in King County Superior Court for a temporary order of protection. On July 31 and August 3, 2020, before process of service was completed, Berenji contacted Alcoba two more times regarding the status of his job application.

On July 9, 2020, the court issued a temporary order of protection. The order was served on Berenji on August 7, 2020.

On September 15, 2020, the court held a hearing for a permanent protection order and determined that Berenji's conduct constituted stalking under RCW 7.92.020 and unlawful harassment under RCW 10.14.030. The trial court entered an antiharassment and antistalking protection order for a period of one year. The court subsequently awarded Alcoba attorney fees.

Berenji appeals.

ANALYSIS

A. <u>Legitimate or Lawful Purpose</u>

Berenji argues that the trial court improperly granted a protection order because his course of conduct consisted predominantly of employment-related correspondence, which served a legitimate or lawful purpose. We disagree.

We review a trial court's decision to grant a protection order for abuse of discretion. <u>State v. Noah</u>, 103 Wn. App. 29, 43, 9 P.3d 858 (2000). A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable reasons. <u>Teter v. Deck</u>, 174 Wn.2d 207, 215, 274 P.3d 336 (2012). When a trial court has

weighed the evidence, evaluated the credibility of witnesses, and made factual findings, the "substantial evidence" standard of review applies. In re Dependency of Schermer, 161 Wn.2d 927, 940, 169 P.3d 452 (2007) (where trial court acts as a fact-finder, appellate review is limited to whether substantial evidence supports trial court's findings and whether findings support conclusions of law). Substantial evidence exists where the record contains a sufficient quantity of evidence to persuade a fair-minded, rational person of the truth of the finding. State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

A court may enter a civil antiharassment protection order if it finds by a preponderance of evidence that "unlawful harassment" exists. RCW 10.14.080(3). Unlawful harassment consists of (1) a knowing and willful (2) course of conduct (3) directed at a specific person (4) which seriously alarms, annoys, harasses, or is detrimental to a person, and (5) serves no legitimate or lawful purpose. RCW 10.14.020(1); see also Burchell v. Thibault, 74 Wn. App. 517, 521, 874 P.2d 196 (1994).

To determine if a specific, knowing, and willful course of conduct serves a legitimate or lawful purpose, courts consider whether:

> (1) Any current contact between parties was initiated by the respondent only or was initiated by both parties;
> (2) The respondent has been given clear notice that all further contact with the petitioner is unwanted;
> (3) The respondent's course of conduct appears designed to alarm, annoy, or harass the petitioner;
> . . .
> (5) The respondent's course of conduct has the purpose or effect of unreasonably interfering with the petitioner's privacy or the purpose or effect of creating an intimidating, hostile, or offensive living environment for the petitioner;
> . . .

RCW 10.14.030; <u>Shinaberger ex rel. Campbell v. LaPine</u>, 109 Wn. App. 304, 307-08 (2001).

The record indicates that Berenji's course of conduct did not serve a legitimate or lawful purpose. All contacts were initiated by Berenji to Alcoba's professional e-mail, personal e-mail, telephone, and in person at her place of employment. Following the e-mail containing Berenji's swimsuit photos, Alcoba clearly instructed Berenji to no longer contact her. Berenji's escalating course of conduct locating Alcoba's personal e-mail, e-mailing her inappropriate photos, listing Alcoba as his next of kin, and referring to Alcoba as his wife support a finding that his actions appeared designed to alarm, annoy, or harass Alcoba and had the effect of unreasonably interfering with Alcoba's privacy, as well as creating an intimidating, hostile, or offensive living environment for Alcoba.

Because the record supports the trial court's findings that Berenji's knowing and willful course of conduct was not for a legitimate and lawful purpose, the trial court did not abuse its discretion in granting Alcoba an antiharassment protection order.

B. <u>Stalking</u>

Berenji argues that the trial court improperly granted an antistalking protection order because there was insufficient evidence that he engaged in cyberstalking, an alternative means of committing stalking under ch. 7.92 RCW. We disagree.

Under RCW 7.92.020(4)(a)-(c), "stalking conduct" is defined to include any of the following:

(a) Any act of stalking as defined under RCW 9A.46.110;

(b) Any act of cyberstalking as defined under RCW 9.61.260;

(c) Any course of conduct involving repeated or continuing contacts, attempts to contact, monitoring, tracking, keeping under observation, or following of another that:

    (i)  Would cause a reasonable person to feel intimidated, frightened, or threatened and actually causes such a feeling;

    (ii)  Serves no lawful purpose; and

    (iii)  The stalker knows or reasonably should know threatens, frightens, or intimidates the person, even if the stalker did not intend to intimidate, frighten, or threaten the person.

Berenji contends that the May 25, 2020, e-mail with the three photos of him in his swimsuit was insufficient to support a finding of cyberstalking. The Washington law on cyberstalking states that:

> (1) A person is guilty of cyberstalking if he or she, with intent to harass, intimidate, torment, or embarrass any other person, and under circumstances not constituting telephone harassment, makes an electronic communication to such other person or a third party:
> (a) Using any lewd, lascivious, indecent, or obscene words, images, or language, or suggesting the commission of any lewd or lascivious act.

RCW 9.61.260.

Examining this language, the trial court found that Berenji sending lewd photos to Alcoba's personal e-mail constituted cyberstalking.[1] But even if the photographs were not lewd, lascivious, or indecent, under RCW 9.61.260 and thus not stalking under RCW 7.92.020(4)(b), the trial court alternatively found Berenji's conduct stalking under RCW 7.92.020(4)(c). The court found:

> I am granting Ms. Alcoba's petition. I find by a preponderance of the evidence that Mr. Berenji's conduct constitutes stalking under RCW 7.92.020. In particular the cyberstalking acts of contacting Ms. Alcoba via

---

[1] In his brief, Berenji suggests that the images of him in a swimsuit may not have been of him at all, that the e-mail "bijan.berenji@gmail.com" may not belong to Bijan Berenji, or that the evidence strongly indicates that he sent the images to Alcoba's private e-mail on accident. These suggestions are unfounded and the record is devoid of any evidence to indicate otherwise.

email, both or her personal email sending lewd photos, then afterward, after she made it clear that such contacts were unwelcome, continuing to contact her in July and August of this year.

His other conduct, trying to access the building at her workplace, referring to her as his wife in an email, and referring to her as his next of kin when he was at a hospital, again would cause a reasonable person to feel intimidated, frightened, or threatened and actually did make Ms. Alcoba feel that way. His conduct served no lawful purpose and Mr. Berenji either knew or reasonably should have known that his conduct threatened, frightened, or intimidated her even if that was not his intention.

The record supports the trial court's findings. The trial court did not abuse its discretion in granting the protection order for both unlawful harassment under RCW 10.14.020, and stalking under RCW 7.92.030.

Affirmed.

_Mann, C.J._

WE CONCUR:

_Chun, J._         _Andrus, A.C.J._