**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| JENNIFER ASHLEY REEDAL,<br><br>               Respondent,<br><br>       v.<br><br>ADNAN ALI KHAKI,<br><br>               Appellant. | No. 86877-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

FELDMAN, J. — Adnan Ali Khaki appeals an antiharassment protection order (AHPO) protecting Jennifer Ashley Reedal. Because the AHPO has expired, the appeal is moot. Although we generally dismiss appeals presenting only moot issues, we may consider issues that are of substantial and continuing interest. Here, we identify such an issue—the absence of required findings to permit appellate review—and vacate the AHPO on that basis.

Reedal filed a petition for a protection order after Khaki allegedly sent her numerous unwanted e-mails. The trial court held three hearings at which it heard testimony and argument regarding Reedal's petition and related matters. At the conclusion of the third hearing, the court indicated it would review the evidence and stated, "I'll make a written decision and issue it to both [of] you." The court then issued its written decision, which states in relevant part:

Based upon the petition, testimony, case record, and response, if any, the court finds by a preponderance of evidence that the protected person (or petitioner on their behalf) has proved the required criteria for the following protection order under chapter 7.105 RCW.

[X] **Antiharassment Protection Order** - The restrained person has subjected the protected person to unlawful harassment.

Also relevant here, the order states that it "**is effective immediately**" and "**expiring January 22, 2025**." This timely appeal followed.

Preliminarily, we must address whether this appeal is moot. "A case is moot if a court can no longer provide effective relief." *Maldondo v. Maldondo*, 197 Wn. App. 779, 790, 391 P.3d 546 (2017). The expiration of a protection order generally means we cannot provide such relief, and a party's challenge to the order is thus moot. *See Price v. Price*, 174 Wn. App. 894, 896, 902, 301 P.3d 486 (2013) ("Both protection orders have long expired; thus, Veronica's challenges to these orders are moot."). Here, the AHPO expired on January 22, 2025 and no longer restrains Khaki. Thus, as in *Price*, Khaki's challenges to the AHPO are moot.

Addressing this issue, Khaki claims, "This case will not be moot even if the Court's decision on this appeal occurs after the expiration of the civil antiharassment order. Resolution of this case in favor of Father will 'clear his record' and reputation which is sufficient relief to avoid a mootness issue." In support of this argument, Khaki cites *Hough v. Stockbridge*, 113 Wn. App. 532, 537, 54 P.3d 192 (2002), *rev'd on other grounds*, 150 Wn.2d 234, 76 P.3d 216 (2003), which recognizes, "this court may decide a case, even if moot, where the matter is of continuing and substantial public interest." To determine whether a matter satisfies this standard, we consider "(1) the public or private nature of the question presented, (2) the desirability of an authoritative determination for the future

2

guidance of public officers, and (3) the likelihood of future recurrence of the question." *State v. Beaver*, 184 Wn.2d 321, 330, 358 P.3d 385 (2015) (alterations in original) (internal quotation marks omitted) (quoting *State v. Hunley*, 175 Wn.2d 901, 907, 287 P.3d 584 (2012)).

This public importance exception to dismissal on mootness grounds "has been used in cases dealing with constitutional interpretation, the validity of statutes or regulations, and matters that are sufficiently important to the appellate court." *Id*. at 331. Here, one such issue that is sufficiently important to the appellate court to avoid dismissal on mootness grounds is proper compliance with the requirement that a trial court order granting a protection order include sufficient findings to permit appellate review. That question is public in nature (it transcends the parties in this proceeding), an opinion in this appeal is desirable to provide future guidance to public officers, and the issue may recur in the absence of appellate vigilance. We therefore address this issue despite the expiration of the AHPO.

Motions for an antiharassment protection order are governed by RCW 7.105.010(36)(a), which defines unlawful harassment as follows:

> A knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, harasses, or is detrimental to such person, and that serves no legitimate or lawful purpose. The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner.

To enter an antiharassment protection order, as the trial court did here, the court must find each of these required criteria by a preponderance of evidence. *See Shinaberger ex rel. Campbell v. LaPine*, 109 Wn. App. 304, 307-08, 34 P.3d 1253 (2001).

3

Here, we are unable to review whether the trial court erroneously found these necessary elements—as Khaki argues—because the court did not enter the required findings. Under CR 52(a)(1), "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law." Following a bench trial, we review a trial court's findings of fact to determine whether they are supported by substantial evidence, and then review whether those findings of fact support the trial court's conclusions of law. *Tiller v. Lackey*, 6 Wn. App. 2d 470, 484, 431 P.3d 524 (2018). Findings of fact "should at least be sufficient to indicate the factual bases for the ultimate conclusions." *In re Det. of LaBelle*, 107 Wn.2d 196, 218, 728 P.2d 138 (1986). Where a trial court fails to enter the required factual findings, an appellate court "cannot review an assignment of error which requires consideration of whether there was sufficient evidence to support such findings." *State v. Denison*, 78 Wn. App. 566, 570, 897 P.2d 437 (1995).

Contrary to the legal principles stated above, there are no written findings here. Instead, the AHPO states that the trial court has found by a preponderance of the evidence that "the protected person . . . has proved the required criteria" including that "[t]he restrained person has subjected the protected person to unlawful harassment." Such "findings," which largely recite legal requirements, are not "sufficiently specific to permit meaningful review." *In re Dependency of C.R.B.*, 62 Wn. App. 608, 619, 814 P.2d 1197 (1991) (quoting *LaBelle*, 107 Wn.2d at 218-19). And while written findings "may be supplemented by the trial court's oral decision or statements in the record," *LaBelle*, 107 Wn.2d at 219, the trial court also did not provide any oral decision or findings.

Where, as here, the factual record is disputed and formal findings of fact and conclusions of law are necessary for appellate review, remand for their entry would typically be appropriate. *See Little v. King*, 160 Wn.2d 696, 707, 161 P.3d 345 (2007). But in this case, no purpose would be served by remand because the AHPO has already expired and, thus, no longer restrains Khaki. We therefore vacate the AHPO—effectively providing the relief Khaki seeks despite the AHPO's expiration—without addressing the parties' arguments. In granting such relief, we neither sanction nor foreclose another petition for a protection order based on unwanted e-mails should Reedal again seek such relief. Lastly, because Reedal has not established a proper basis for awarding attorney fees on appeal, we deny her request.

Vacated.

Feldman, J.

WE CONCUR:

Bowman, J.

Hazelrigg, ACJ